IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESUS MORENO,

      Plaintiff,

vs.                                  No. CV 16-00013 JCH/SMV

GEO GROUP, CORIZON, INC.
and DR. WALDEN,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) on the Tort Civil Suit filed by Plaintiff Jesus Moreno. (Doc. 1-1) ("Complaint"). The Court will dismiss the claims against Defendants GEO Group and Corizon, Inc. under Fed. R. Civ. P. 12(b)(6) and will order the issuance of notice and waiver of service forms directed to Defendant Dr. Walden.

Plaintiff Jesus Moreno filed his Complaint in the First Judicial District, County of Santa Fe, State of New Mexico on September 3, 2015. (Doc. 1-1). Although titled "Tort Civil Suit," Moreno alleges violation of his Fourth, Eighth, and Fourteenth Amendment rights under the United States Constitution. (Doc. 1-1 at 2-4). Moreno seeks compensatory damages and declaratory relief. (Doc. 1-1 at 4). The case was timely removed to this Court by Defendant, Corizon, Inc., on January 7, 2016 based on federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1 at 3, ¶ 7).

Moreno is a prisoner proceeding pro se and *in forma pauperis.* (Doc. 1-1).[1] Moreno alleges that he was sexually abused by Defendant Walden while incarcerated at the Northeastern New Mexico Detention Facility in Clayton, New Mexico. (Doc. 1-1 at 2-3). Moreno names as Defendants the GEO Group, a private prison contractor, Corizon, Inc., a prison medical service provider, and Dr. Walden. (Doc. 1-1 at 2). Moreno claims the sexual abuse by Dr. Walden constitutes deliberate indifference to serious medical harm in violation of Eighth and Fourteenth Amendment rights and invasion of privacy in violation of the Fourth Amendment. (Doc. 1-1 at 3-4).

Plaintiff Moreno is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

---

[1] Moreno was granted free process by the First Judicial District Court prior to removal and is deemed to be proceeding *in forma pauperis* under 28 U.S.C. § 1915 in this Court. *See* Doc. 1-1 at 15; *Bartelli v. Beard,* 2008 WL 4363645 at *5 (M.D Pa. 2008).

2

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2) The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless

amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

Moreno's Complaint does not expressly allege causes of action under 42 U.S.C. § 1983 and, instead, asserts violation of various federal constitutional rights. However, 42 U.S.C. § 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution. See, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution). Therefore, the Court construes Moreno's claims for violation of rights under the Constitution as civil rights claims brought under 42 U.S.C. § 1983.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of employees or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section

1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

The Complaint names the GEO Group and Corizon, Inc., but does not make any factual allegations against either entity. (*See* Doc. 1 at 1, 4, 7). The Complaint does not identify who did what to whom and is wholly insufficient to state a claim upon which relief can be granted against GEO Group and Corizon. *Ashcroft v. Iqbal,* 556 U.S. at 676; *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Although Moreno makes generalized statements that Defendants have been deliberately indifferent to his medical needs and created a known risk but does not allege any specific wrongful conduct by either the GEO Group or Corizon or explain how that conduct violates his constitutional rights. Moreno does allege that Dr. Walden sexually abused him, but does not allege any employee or agency relationship between Dr. Walden and either GEO Group or Corizon. Generalized allegations against entity defendants, without identification of actors and conduct that caused the deprivation of a constitutional right, fails to state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Moreno's formulaic recitations of Eighth and Fourteenth Amendment violations are not sufficient to state a plausible claim against the GEO Group or Corizon, Inc. *Twombly,* 550 U.S. at 570.

Plaintiff Moreno's allegations fail to state any legally sufficient claim for relief against the GEO Group or Corizon, Inc., under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). The Court will dismiss Moreno's claims against those Defendants. The Court will also grant Moreno leave to file an amended complaint consistent with this Memorandum Opinion within thirty (30) days of entry of the Memorandum Opinion and Order. *Hall v.*

*Bellmon,* 935 F.2d at 1109. If Moreno fails to file an amended complaint within thirty days or files an amended complaint that similarly fails to state a factually and legally sufficient cause of action, the Court may dismiss the claims against the GEO Group and Corizon, Inc., with prejudice and without further notice. The Court determines that the Complaint does make a threshold showing sufficient to state a plausible claim for relief against Defendant Walden and will order the issuance of notice and waiver of service forms for Dr. Walden.

**IT IS ORDERED** that the claims against Defendants GEO Group and Corizon, Inc. in the Tort Civil Suit filed by Plaintiff Jesus Moreno. (Doc. 1-1) are **DISMISSED** for failure to state a claim on which relief can be granted and Plaintiff is **GRANTED** thirty (30) days from entry of this Memorandum Opinion and Order to file an amended complaint.

**IT IS ALSO ORDERED** that the **CLERK** is **DIRECTED** TO issue notice and waiver of service forms, with copies of the Tort Civil Suit (Doc. 1-1) for Defendant Dr. Walden.

_____
UNITED STATES DISTRICT JUDGE