## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**JESUS MORENO,**

    **Plaintiff,**

v.                                                                                            **No. 16-cv-0013 JCH/SMV**

**GEO GROUP; CORIZON, INC.;**
**and FNU WALDEN;**

    **Defendants.**

## ORDER GRANTING IN PART
## MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff's untitled letter requesting appointment of counsel [Doc. 20], filed on March 17, 2017. Plaintiff is incarcerated and proceeding pro se in this 42 U.S.C. § 1983 action. He reports that he does not know the law nor how to "defend" himself, and neither speaks nor reads English. [Doc. 20]. Accordingly, he asks the Court to appoint an attorney for him.

However, United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989); *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016). In certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

The Court has considered the response in opposition, filed by Defendant Corizon, Inc. [Doc. 21].  Nevertheless, at this time, the Court is persuaded that Plaintiff's claims are sufficiently meritorious and complex.  Moreover, Plaintiff neither reads nor speaks English.  Requesting the voluntary assistance of counsel is warranted.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's untitled letter requesting appointment of counsel [Doc. 20] is **GRANTED** to the extent that the Court will request the voluntary assistance of an attorney by referring this case to the Court's pro bono panel.   It will be up to the members of the panel to determine whether any would like to represent Plaintiff.   If an attorney is interested, he or she will contact Plaintiff directly.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**