IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESUS MORENO,

    Plaintiff,

v.                                                                                              No. 16-cv-0013 JCH/SMV

GEO GROUP; CORIZON, INC.;
and FNU WALDEN;

    Defendants.

## ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Defendant Corizon's Amended Motion for Reconsideration of Order Granting Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. 32], filed on October 2, 2017. Plaintiff responded in opposition on the same day. [Doc. 33]. Defendant Corizon replied on October 3, 3017. [Doc. 35]. The Court will grant the motion for reconsideration, vacate its September 30, 2017 order allowing Plaintiff to amend, consider Defendant's untimely response in opposition to the proposed amendment, and issue appropriate recommendations to the presiding judge on Plaintiff's motion to amend.

## Background

In December of 2016, the Court sua sponte reviewed Plaintiff's original pro se Complaint under Fed. R. Civ. P. 12(b)(6). The Court determined that Plaintiff had failed to assert sufficient factual allegations to trigger liability on the part of Defendant Corizon. [Doc. 10]. The Court gave Plaintiff 30 days to amend his complaint to cure the deficiency. *Id.* Plaintiff timely filed an Amended Complaint. [Doc. 11]. However, Corizon moved to dismiss the Amended Complaint

because, it argued, the pleading still failed to state a claim against it. [Doc. 12]. That motion was fully briefed by February 2, 2017. [Docs. 15, 17].

While the motion to dismiss was still pending, the Court appointed attorney Samantha Adams to represent Plaintiff. [Doc. 23]. Within four days of her appointment, on September 15, 2017, Ms. Adams moved for leave to file a Second Amended Complaint. [Doc. 27]. Defendant's response was due no later than September 29, 2017. However, Defendant failed to file a timely response. Accordingly, on September 30, 2017, the Court construed the lack of response as consent to grant the motion to amend, granted the motion to amend, and denied the motion to dismiss as moot. [Doc. 29].

After the Motion for Leave to File Second Amended Complaint had already been granted, Defendant filed its late response in opposition. [Doc. 30]. The next day, Defendant filed a motion for reconsideration and an amended motion for reconsideration of the order granting leave to file a Second Amended Complaint. [Docs. 31, 32]. Defendant explains that it believed it had been granted an extension of time. [Docs. 32, 35]. More importantly, though, Defendant focuses on the "strong predisposition to resolve cases on their merits." [Doc. 35] at 2. Defendant asks the Court to vacate its September 30, 2017 Order, reinstate Defendant's motion to dismiss and Plaintiff's motion for leave to amend, and entertain Defendant's response in opposition to Plaintiff's motion for leave to amend. [Docs. 32, 35].

## Analysis

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. *See In re Thornburg Mortgage, Inc. Secs. Litig.*, 824 F. Supp. 2d 1214, 1240

(D.N.M. 2011), *aff'd sub nom. Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190 (10th Cir. 2013). When a party seeks reconsideration of a non-final order, the motion is considered "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991). Although a district court has "considerable discretion" to revisit its prior decisions, *see Thornburg Mortgage*, 824 F. Supp. 2d at 1240, "as a rule [a court] should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice," *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (citation and internal quotation marks omitted).

A motion for reconsideration is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments[] or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Fye v. Okla.*, 516 F.3d 1217, 1224 (10th Cir. 2008); *Otero v. Nat'l Distrib. Co.*, 627 F. Supp. 2d 1232, 1237 (D.N.M. 2009). Rather, appropriate "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Paraclete*, 204 F.3d at 1012 (citation omitted).

Defendant urges that courts should make decisions on the merits, and therefore, its late response to Plaintiff's motion to amend should be heard. [Docs. 32, 35]. The Court agrees.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Corizon's Amended Motion for Reconsideration of Order Granting Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. 32] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's September 30, 2017 Order (Granting Plaintiff's Motion for Leave to File Second Amended Complaint and Denying as Moot Defendant's Motion to Dismiss and Strike) [Doc. 29] is **VACATED**. Both the Motion to Dismiss [Doc. 12] and the Motion to Amend [Doc. 27] are **REINSTATED**. The Court will consider Defendant's untimely response and, in light thereof, issue its recommendation on the motions.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**