IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESUS MORENO,

    Plaintiff,

v.                                                                                      No. 16-cv-0013 JCH/SMV

GEO GROUP; CORIZON, INC.;
and FNU WALDEN;

    Defendants.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Defendant Corizon's Motion to Dismiss & Strike Plaintiff's "Amended Complaint" [Doc. 12], filed on January 19, 2017, and on Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. 27], filed September 15, 2017.[1] The case was referred to me by the Honorable Judith C. Herrera, United States District Judge, for proposed findings and a recommended disposition. [Doc. 7]. I find that justice requires granting Plaintiff leave to file his Second Amended Complaint. Thus, Defendant's Motion to Dismiss should be denied as moot.

### Background

Proceeding pro se, Plaintiff filed his original complaint in state court on September 3, 2015. [Doc. 1-1] at 2–6. He alleged that a prison doctor, Mark Walden, sexually abused him during medical visits, touching his genitalia, anus, groin, and buttocks in a sexual manner to gratify

---

[1] Briefing is complete on the Motion to Dismiss. [Docs. 15, 17]. I have also considered Corizon's response to the Motion for Leave to File Second Amended Complaint. [Doc. 30].

the doctor's own sexual desire, which violated Plaintiff's constitutional rights.[2]  *Id.*  Defendant Corizon removed the case to this Court on January 7, 2016, and answered on the same day. [Docs. 1, 3].

On December 16, 2016, Judge Herrera reviewed Plaintiff's original complaint under Fed. R. Civ. P. 12(b)(6).  [Doc. 10].  Plaintiff had titled his Complaint "Tort Civil Suit," and he alleged violation of his Fourth, Eighth, and Fourteenth Amendment rights under the United States Constitution.  *Id.* at 1 (citing [Doc. 1-1] at 2–4).  Judge Herrera construed Plaintiff's constitutional claims as having been brought under 42 U.S.C. § 1983.  *Id.* at 4.  She determined that Plaintiff had failed to allege sufficient facts to trigger Corizon's liability even if Dr. Walden had abused Plaintiff.[3]  *Id.* at 4–6.  She gave Plaintiff 30 days to amend his complaint to adequately state claims against Corizon.  *Id.*  Plaintiff responded within the 30-day deadline. [Doc. 11].  The Clerk docketed his filing as an Amended Complaint.  *Id.*  Defendant Corizon moved to dismiss and strike Amended Complaint because, Corizon argued, the Amended Complaint still failed to state a claim against Corizon.  [Doc. 12].

After briefing was complete on the Corizon's Motion to Dismiss and to Strike, the undersigned granted Mr. Moreno's request for appointment of counsel on April 7, 2017, and referred this case to the Court's pro bono panel.  [Doc. 22].  Attorney Samantha Adams entered

---

[2]  At least fifteen other lawsuits have been brought by inmates making similar allegations of sexual abuse by Dr. Walden.  *F.M. v. Walden*, 13-cv-0264 MCA/SCY; *R.J. v. The Geo Group*, 13-cv-0265 WJ/SCY; *H.R. v. The Geo Group*, 13-cv-0647 ACT/KBM; *J.U. v. The Geo Group, Inc.*, 13-cv-0968 KMB/LAM; *Reza-Gomez v. Dep't of Corr.*, 14-cv-0029 JCH/RHS; *T.G. v. Geo Group, Inc.*, 14-cv-0054 KG/KK; *Howard v. Corizon, Inc.*, 14-cv-0337 JB/SCY; *Martinez v. Guadalupe Cty.*, 14-cv-0992 JB/KK; *Sillas v. Geo Group, Inc.*, 15-cv-0256 JCH/KK; *A.W. v. Walden*, 15-cv-0336 MV/KK; *D.S. v. Geo Group, Inc.*, 15-cv-0774 RB/KBM; *Gatlin v. Corizon Med.*, 15-cv-0965 RB/KBM; *Musacco v. Walden*, 13-cv-1053 MV/KBM; *C.G. v. Walden*, 15-cv-0250 MCA/WPL; *Chand v. Corizon Med.*, 15-cv-0967 WJ/KRS; *O.F. v. Walden*, 16-cv-0084 KG/GBW; *Moreno v. Corizon Med. Provider*, 16-cv-1064 JCH/SMV; *Sigala v. Walden*, 16-cv-1135 RB/WPL; *M. M. v. Guadalupe Cty. Corr. Facility*, 17-cv-0005 JB/KK.
[3]  Judge Herrera ordered the Complaint and notice and waiver-of-service forms be sent to Dr. Walden.  [Doc. 10] at 6.

her appearance on behalf of Plaintiff on September 11, 2017. [Doc. 25]. With Ms. Adams' representation, Plaintiff filed a motion for leave to file a Second Amended Complaint on September 15, 2017. [Doc. 27]. In the proposed Second Amended Complaint, Plaintiff re-asserts his claim against Corizon for violation of his Eighth Amendment right as well as asserting several state-law claims. [Doc. 27-1].

Corizon urges that its Motion to Dismiss (the Amended Complaint) should be decided first, prior to entertaining the Motion for Leave to File a Second Amended Complaint. [Doc. 30] at 3. I disagree. It makes no sense to analyze a version of the complaint that Plaintiff does not wish to pursue. Accordingly, I address the Motion for Leave to File a Second Amended Complaint first.

## **Standard**

"[T]he court should freely give leave [to amend a complaint] where justice so requires." Fed. R. Civ. P. 15(a). However, there are reasons to properly deny leave to amend, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001). An amendment is "futile" if the pleading "as amended, would be subject to dismissal." *Fields v. City of Tulsa*, 753 F.3d 1000, 1012 (10th Cir. 2014). The decision whether to grant leave to amend is left to the discretion of the district court. *See e.g., Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "The purpose of [Rule 15(a)] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d

1196, 1204 (10th Cir. 2006) (internal quotation marks omitted). The Tenth Circuit has directed district courts to grant leave to amend "when doing so would yield a meritorious claim." *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001)).

**Analysis**

Here, Plaintiff seeks leave to file a Second Amended Complaint for several reasons. First, he has only recently secured counsel. Plaintiff was proceeding pro se until September 11, 2017, when Ms. Adams appeared on his behalf. The proposed Second Amended Complaint would be the first pleading drafted with the benefit of counsel. Not only were the original complaint and the Amended Complaint drafted pro se, Plaintiff relied on fellow inmates to translate for him because he neither writes nor understands the English language. [Doc. 27] at 1–3.

Second, with amendment, Plaintiff seeks to cure deficiencies in his original and Amended Complaints. *Id.* at 3–4.

Finally, Plaintiff argues that there has been no undue delay, bad faith, or dilatory motive; Plaintiff has diligently responded to the Court's orders and deadlines. *Id.* at 4. Further, Plaintiff argues that Corizon would not be prejudiced by the amendment. Plaintiff's original complaint was entitled "Tort Civil Suit," which put Corizon on notice that Plaintiff intended to assert tort claims. Plaintiff concedes that his original and Amended Complaints failed to spell out the legal connections between GEO Group, Corizon, and Dr. Walden. Nevertheless, Plaintiff argues that Corizon cannot plausibly claim ignorance of the connections. After all, Corizon employed Dr. Walden, was aware of Plaintiff's pre-suit grievance(s), and has prepared defenses to numerous similar claims asserted by other victims. *Id.* at 4–5.

Corizon urges the Court to deny to the Motion for Leave to File Second Amended Complaint for "failure to cure deficiencies by amendments previously allowed." [Doc. 30] at 4 (quoting *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)). Corizon complains that the proposed Second Amended Complaint does not really remedy the problems with the original and Amended Complaints (both of which were filed pro se). Corizon argues that in order to maintain his claim under the Eighth Amendment, Plaintiff would have to allege "specific factual contentions of a Corizon policy or custom that was the moving force behind Dr. Walden's [abuse]." *Id.* at 3–4. Corizon argues that Plaintiff has failed to do so. *Id.* In his proposed Second Amended Complaint Plaintiff alleges that Corizon and others knew that Dr. Walden was sexually abusing inmates but failed to stop him. Plaintiff alleges that Corizon and others simply transferred Dr. Walden to another prison, fraudulently concealing his wrongful actions, and recklessly exposing other inmates to his abuse. [Doc. 27-1] at 7–10. Corizon does not address these specific factual allegations. Corizon does not argue that, if true, these allegations would fail to state a claim against it. I am not persuaded that Plaintiff has "failed to cure deficiencies," nor am I persuaded that Plaintiff's allegations fail to state an Eighth Amendment claim against Corizon.

Next, Corizon argues that allowing the amendment would cause undue delay and prejudice. As Corizon sees it, the proposed Second Amended Complaint constitutes "an entirely new lawsuit." [Doc. 30] at 4. Corizon urges that allowing the Second Amended Complaint with its newly proposed state-law causes of action would prejudice Corizon. Corizon explains that the originally pleaded Eighth Amendment claim would have required far less effort to defend against

5

than the proposed claims, and therefore, allowing the new claims would prejudice Corizon. *Id.* at 4–6. Corizon argues that "justice will not be served by permitting a second amended complaint." *Id.* at 6. Corizon's position is unpersuasive. Allowing Plaintiff's case to survive (now that he has an attorney), rather than dismissing it based on a complaint he wrote pro se does not constitute "undue delay." Allowing Plaintiff to proceed on a complaint written with the benefit of counsel, including new causes of action that will require defense, does not constitute "undue prejudice" to Corizon.

Finally, Corizon argues that the proposed Second Amended Complaint would be futile. *Id.* at 6–7. Corizon offers only one argument for futility. It urges that the new state-law claims would be barred by the statute of limitations because they do not relate back to the original complaint. *Id.* Corizon's sole theory is that "[t]he new claims bear no relations [sic] to the original allegation of cruel and unusual punishment and do not related back to the original filing in September 2015." *Id.* at 6. This is the entirety of Corizon's argument. It offers nothing further explaining why it believes the new claims do not relate back or would otherwise be futile. As I understand it, Corizon's position is that because Plaintiff now intends to pursue additional causes of action beyond those originally pleaded, he is not entitled to the benefit of relation back. I disagree.

Rule 15(c) of the Federal Rules of Civil Procedure saves an otherwise untimely amendment by deeming it to "relate back" to the conduct alleged in the timely original complaint. Specifically, Rule 15(c)(1)(B) provides that an amendment "relates back" to the date of the "original pleading" if the "amendment asserts a claim . . . that arose out of the conduct, transaction,

or occurrence set out—or attempted to be set out—in the original pleading." That is, "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005) (internal quotation marks omitted). Relation back is improper, however, when the amended claim "asserts a new ground for relief supported by *facts that differ in both time and type* from those the original pleading set forth." *Id.* at 650 (emphasis added).

The proposed Second Amended Complaint asserts claims against Corizon that arise out of the same conduct and occurrences set out—or attempted to be set out—in the original complaint, namely that Dr. Walden, a prison doctor, sexually abused Plaintiff, an inmate. Indeed, Corizon itself does not argue that facts underpinning the newly asserted state-law claims are new or different than those asserted in the original Complaint.

## Conclusion

Plaintiff's Motion for Leave to File Second Amended Complaint should be granted. The interests of justice will be served by allowing the amendment. It will cause no undue delay or undue prejudice. Nor would the amendment be futile. Indeed, I find that it would be unjust to deny leave to amend in this case because, at this point, all indications are that Plaintiffs' claims are likely to be meritorious. *See Curley*, 246 F.3d at 1284 (courts should grant leave to amend "when doing so would yield a meritorious claim."). Because I recommend allowing Plaintiff to file his proposed Second Amended Complaint, Defendant's Motion to Dismiss should be denied as moot.

7

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.** *See* **D.N.M.LR-Civ. 10.1. If no objections are filed, no appellate review will be allowed.**

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. 27] be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Defendant Corizon's Motion to Dismiss & Strike Plaintiff's "Amended Complaint" [Doc. 12] be **DENIED as moot**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**